IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMAYAH JENKINS** | : CIVIL ACTION |
| | : |
| v. | : NO. 23-2260 |
| | : |
| **PETSMART, LLC** | : |

## ORDER

**AND NOW**, this 11th day of December 2023, upon considering Defendant's renewed Motion to compel arbitration and dismiss (ECF No. 26) filed after affording the parties written and deposition discovery into Plaintiff's unconscionability defenses under our September 18, 2023 Order (ECF No. 21), Plaintiff's Opposition (ECF No. 27), Defendant's Reply (ECF No. 28), noting the parties do not offer substantial evidence from the allowed discovery, for reasons in today's accompanying Memorandum, and mindful of our collective obligations under Federal Rule 1 to ensure the oft-cited purposes of arbitration by monitoring cases stayed while remaining open on our dockets awaiting contractually mandated arbitration of threshold arbitrability issues, it is **ORDERED** Defendant's Motion (ECF No. 26) is **GRANTED in part** but **DENIED** as to dismissal at this early stage subject to progress in the arbitration requiring:

1. The parties shall forthwith proceed to arbitration consistent with the parties' dispute resolution agreement on the Plaintiff's claims and confirm beginning the process by no later than **December 21, 2023;**

2. We **strike** Plaintiff's class action allegations;

3. We find the mass arbitration provision is not substantively unconscionable and remains in effect subject to later review;

4. We **deny** dismissal absent a Rule 41 stipulation, but the Clerk of Court shall place this matter on our **suspense** docket to allow the parties to proceed in contractual arbitration and

then timely return to dismiss, vacate, or enforce a final award mindful extended delay in delayed arbitration processes may run contrary to the established oft-cited purposes of arbitration and Federal Rule of Civil Procedure 1, requiring:

    a.    Plaintiff file a Notice not exceeding two pages confirming the filing of the arbitration under this Order by no later than **December 27, 2023**;

    b.    Defendant file joint status memoranda not exceeding five pages on **February 15, 2024** and every forty-five days thereafter confirming the parties' and arbitrator's specific progress until final award or dismissal in the arbitration;

    c.    Defendants shall file a Notice within three days of a dismissal or a final award; and,

5.    Mindful the parties would likely secure a final order in this Court before May 31, 2024 absent the contractually-mandated arbitration, we grant the parties leave to **show cause** in memoranda not exceeding ten pages filed on or before **June 7, 2024** as to why we should not dismiss this case without prejudice to filing a new related action solely to enforce or vacate the final arbitration award without the concerns under Rule 1 should they be unable to earlier move to enforce or vacate.

*[Signature]*
**KEARNEY, J.**

2